IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 16, 2016

## STATE OF TENNESSEE v. THOMAS EDWARD KOTEWA

**Appeal from the Criminal Court for Anderson County**
**No. A6CR0004     Donald R. Elledge, Judge**

---

**No. E2015-02111-CCA-R3-CD – Filed September 15, 2016**

---

The defendant, Thomas Edward Kotewa, appeals the summary dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence imposed for his 2006 Anderson County Criminal Court guilty-pleaded conviction of second degree murder. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Thomas Edward Kotewa, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and David S. Clark, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant pleaded guilty to the conviction offense on November 6, 2006, in exchange for a sentence of 15 years' incarceration to be served at 100 percent by operation of law. *See generally Thomas E. Kotewa v. State*, No. E2007-02193-CCA-R3-PC (Tenn. Crim. App., Knoxville, June 11, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009). On September 10, 2015, the defendant moved the trial court under Rule 36.1 to correct his sentence, arguing that a number of discovery violations by the State resulted in due process violations which led to an illegal sentence. The trial court summarily dismissed the motion via an order filed on October 1, 2015.

In this appeal, the defendant reiterates his claim of entitlement to Rule 36.1 relief on grounds that the State withheld material evidence, violating the tenets of *Brady*

*v. Maryland*, 373 U.S. 83 (1963), which caused the defendant to enter an unknowing and involuntary guilty plea and thus resulted in an illegal sentence. The State asserts that summary dismissal was appropriate in this case because the defendant failed to state a cognizable claim for relief in a Rule 36.1 proceeding. We agree with the State.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The defendant pleaded guilty to second degree murder, a Class A felony. The 15-year sentence imposed for that conviction was authorized at the time of the offense and does not contravene any applicable statute. *See* T.C.A. § 40-35-112(a)(1). The defendant's claim regarding alleged discovery violations is merely an attack on his conviction, which would not affect the legality of his sentence and would not, therefore, be cognizable in a Rule 36.1 proceeding. Similarly, a claim of unknowing and involuntary guilty plea is not a cognizable claim for relief under Rule 36.1.

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE